## Richmond

### JON RODNEY BLACK

### V.

### COMMONWEALTH OF VIRGINIA

December 4, 1981.

Record No. 810530.

Present: All the Justices.

*David C. Roehrenbeck* for appellant.
*Robert H. Anderson, III, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

In a bench trial, Jon Rodney Black was convicted of attempted statutory burglary of the residence of Sidney and Patricia Masri. Code § 18.2-91. He was sentenced to serve one year in the penitentiary, suspended on condition that he serve six months in jail and be of good behavior for two years. On appeal, Black contends that (1) the Commonwealth failed to prove that the attempted entry into the house was with intent to commit larceny and (2) that the evidence was insufficient to establish his guilt beyond a reasonable doubt.

## I. *Facts.*

The evidence shows that about 4:00 p.m. on January 3, 1980, Laura Cook and her mother, Marianne Cook, talked with a man, later identified as Black, who was inquiring where the Royts family lived. Unable to find the name in the local telephone directory,

Mrs. Cook told Black not to bother trying any of her immediate neighbors because no one nearby had that name.

Patricia Masri, Cook's next-door neighbor, testified that on that same afternoon she noticed a dark green automobile being driven slowly down her street. About a half hour later, Mrs. Masri secured all her windows and doors and left to run an errand. Departing, she noticed the same automobile proceed up a connecting street. She returned 40 minutes later to find parked in her double driveway in the space next to the house the same dark green automobile with its motor running. She saw no one. Afraid that someone was in her house, she sought out Mrs. Cook. The two women discovered Black near the Masris' front door. Black explained that "some kids back in the woods had told him that . . . [the Royts] lived in this house."

When Sidney Masri returned home, he found the sliding glass door jammed and the back doorknob "spinning freely." He testified that the glass door had worked properly that morning.

## II. *Proof of Intent.*

In *Tompkins* v. *Commonwealth,* 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971), we said:

> [W]hen an unlawful entry is made into a dwelling, the presumption is that the entry was made for an unlawful purpose. And we think it likewise correct that the specific purpose, meaning specific intent, with which such an entry is made may be inferred from the surrounding facts and circumstances.

*Accord, Ridley* v. *Commonwealth,* 219 Va. 834, 252 S.E.2d 313 (1979) (breaking and entering a storehouse). Here, the evidence shows that Mrs. Masri found an unfamiliar and unoccupied car, with its motor running, parked in her driveway. Black, when later discovered on the Masri property, offered a suspect explanation for his presence. During Mrs. Masri's absence, someone had tampered with the back doorknob and the sliding glass door. We believe that this evidence supports a finding of an attempt to enter for an unlawful purpose.

Black argues that if the perpetrator had an unlawful purpose for attempting entry, the Commonwealth must carry the burden of proving which felony the perpetrator intended. In this case,

Black says, the evidence shows that the perpetrator could have equally intended to rape, rob, murder, or steal. We disagree.

We place too great a burden on the Commonwealth if we require it to exclude every possible theory or surmise presented by the defense. Our precedents do not require this. The hypotheses which the prosecution must reasonably exclude are those "which flow from the evidence itself, and not from the imagination of defendant's counsel." *Turner* v. *Commonwealth,* 218 Va. 141, 148, 235 S.E.2d 357, 361 (1977).

The fact finder may draw reasonable inferences from the evidence that the perpetrator intended to commit one felony rather than another. *Johnson* v. *Commonwealth,* 209 Va. 291, 295, 163 S.E.2d 570 (1968); *Webb* v. *Commonwealth,* 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963). In the present case, the trial judge could infer from the evidence that Black never intended to rape, rob, or murder Mrs. Masri, because Black waited until she left her house before he attempted the entry. The only reasonable conclusion is that Black intended to commit larceny.

### III. *Sufficiency of the Evidence.*

In *Higginbotham* v. *Commonwealth,* 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), we reiterated the standard for appellate review of criminal convictions:

Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom. We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it. Code § 8-491 [now Code § 8.01-680]. [Citation omitted.]

Black asserts that the evidence does not connect him with the dark green Ford Pinto seen cruising the neighborhood or parked in the Masri driveway. The Commonwealth offered no physical evidence, such as fingerprints or burglary tools, to show that Black tampered with the Masri door or doorknob. The testimony only shows that Mrs. Masri and Mrs. Cook found Black at the front of the Masri house near the time the attempted break-in occurred. Black argues that, although suspicious, this evidence does not eliminate every reasonable hypothesis save guilt. Further, Black

contends that Masri's own testimony provides the hypothesis that Black was looking for the Royts family. We disagree.

The fact finder need not believe the accused's explanation and may infer that he is trying to conceal his guilt. *Toler* v. *Commonwealth,* 188 Va. 774, 782, 51 S.E.2d 210, 214 (1949). Masri and Cook found Black on premises where he had no permission to be and where, as Cook had informed him, the persons he sought did not reside. The trial court could conclude that Black's explanation was false; that he was cruising the neighborhood in the green Ford Pinto waiting for an opportunity to commit larceny; that he saw Mrs. Masri leave her premises and immediately went there hoping to perpetrate this offense in her absence; that he left the motor running to effect a quick getaway; and that he was frustrated in making an entry, and upon hearing Mrs. Masri return to her premises, abandoned his crime to avoid detection. The evidence, though circumstantial, sufficiently establishes Black's guilt beyond a reasonable doubt. *Stamper* v. *Commonwealth,* 220 Va. 260, 257 S.E.2d 808 (1979), *cert. denied,* 445 U.S. 972 (1980); *Turner* v. *Commonwealth, supra; Higginbotham* v. *Commonwealth, supra; Payne* v. *Commonwealth,* 216 Va. 265, 217 S.E.2d 870 (1975); and *Orange* v. *Commonwealth,* 191 Va. 423, 61 S.E.2d 267 (1950). For the foregoing reasons, we will affirm the judgment of the trial court.

*Affirmed.*

STEPHENSON, J., dissenting

Where, as here, the Commonwealth seeks to prove the corpus delicti and the criminal agency of the accused by circumstantial evidence, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence." *LaPrade* v. *Commonwealth,* 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950). Moreover, "the evidence as a whole must satisfy the guarded judgment that both . . . have been proved to the exclusion of any other rational hypothesis and to a moral certainty." *Id.; see also Stover* v. *Commonwealth,* 222 Va. 618, 283 S.E.2d 194 (1981). When measured by these time-honored principles, I am of opinion that the evidence in the present case is insufficient as a matter of law.

The only thing linking the defendant to the crime is his presence in the area, and this is insufficient to prove guilt. *Duncan* v.

*Commonwealth,* 218 Va. 545, 238 S.E.2d 807 (1977); *Jones* v. *Commonwealth,* 208 Va. 370, 157 S.E.2d 907 (1967). The majority would reject Black's explanation that he was looking for the Royts, inferring that he was lying to conceal his guilt. They would further infer that his actions in cruising the neighborhood and returning to the Masri home were all part of his scheme to commit a larceny. However, each of these actions is equally consistent with the hypothesis that Black was looking for the Royts; a rational hypothesis in light of the evidence that, unbeknownst to the Cooks, the Royts did live in the neighborhood.

The circumstances present in this case are not "inconsistent with innocence," and do not prove the criminal agency "to the exclusion of any other rational hypothesis and to a moral certainty." I would therefore reverse the conviction and dismiss the indictment.*

HARRISON and POFF, JJ., join in dissent.

---

* My view of the case makes it unnecessary to consider whether the Commonwealth proved Black's intent to commit larceny. I do not necessarily agree with the views expressed by the majority in this regard.