COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


WILLIE ROOSEVELT MORRING
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0821-96-1     JUDGE NELSON T. OVERTON
                                        APRIL 29, 1997
COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Luther C. Edmonds, Judge

         Wesley A. Murphy for appellant.

         Leah A. Darron, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.


     Willie Roosevelt Morring was convicted of possession of a

concealed firearm in violation of Code § 18.2-308 and possession

of a firearm by a convicted felon in violation of Code

§ 18.2-308.2.  He appeals, contending that the evidence is

insufficient to support the convictions.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     On appeal, the evidence must be viewed in a light most

favorable to the Commonwealth and given all inferences fairly

deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va.

349, 352, 218 S.E.2d 534, 537 (1975).  Furthermore, the

---

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

credibility of the witnesses and the weight assigned their testimony are matters exclusively for the fact finder.  See Coppola v. Commonwealth, 220 Va. 243, 252, 257 S.E.2d 797, 803 (1979).  Indeed, if the fact finder believes a defendant did not tell the truth, he may reject the defendant's testimony and infer that the defendant lied to conceal guilt.  See Black v. Commonwealth, 222 Va. 838, 840, 284 S.E.2d 608, 609 (1981).

The trial court in this case believed the testimony of the police officers.  The officers testified that Morring was reaching in an area where a loaded gun was later found.  The court rejected Morring's own testimony that contradicted the officers' and may have inferred guilt from his lying.  The evidence amply supports a conviction for possession of a concealed weapon.

Affirmed.