COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


TROY DONAHUE BARKSDALE

                                        MEMORANDUM OPINION[*] BY
v.   Record No. 1184-98-3               JUDGE SAM W. COLEMAN III
                                             MARCH 2, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                          Charles M. Stone, Judge

            J. Grady Monday (Monday & Monday, on brief),
            for appellant.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Troy Donahue Barksdale was convicted in a bench trial of

grand larceny of a firearm, possession of a firearm by a

convicted felon, and statutory burglary.  On appeal, Barksdale

contends that the evidence was insufficient to support the

larceny and burglary convictions.

     "'Possession of property recently stolen is prima facie

evidence of guilt of the crime of larceny, and throws upon the

accused the burden of accounting for that possession.'"  Hope v.

Commonwealth, 10 Va. App. 381, 385, 392 S.E.2d 830, 833 (1990)

(en banc) (quoting Fout v. Commonwealth, 199 Va. 184, 190, 98

S.E.2d 817, 821 (1957)).  Furthermore:

            "[W]hen evidence has been introduced, which,
            if believed, establishes that a house has
            been broken and entered and goods stolen

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

therefrom, and warrants an inference beyond a reasonable doubt that the breaking and entering and the larceny of the goods were committed at the same time, by the same person or persons, as a part of the same transaction, upon principal and authority the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny."

Fout, 199 Va. at 190-91, 98 S.E.2d at 822 (quoting Drinkard v. Commonwealth, 163 Va. 1074, 1083, 178 S.E. 25, 28 (1935)).

Barksdale does not deny that he was in possession of recently stolen property, nor does he deny that the evidence supports an inference that the breaking and entering and the larceny were committed at the same time.

When confronted, Barksdale lied about his name, fled from the arrest and ultimately issued two conflicting exculpatory statements explaining how he came into possession of the gun. However, "[t]he fact finder need not believe the accused's explanation and may infer that he is trying to conceal his guilt." Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981); Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc). Additionally, Barksdale's false statement of material fact and his decision to flee entitled the fact finder to draw inferences supporting guilt. See Welch v. Commonwealth, 15 Va. App. 518, 525, 425 S.E.2d 101, 106 (1992).

Viewed in the light most favorable to the Commonwealth, and granting to it all reasonable inferences fairly deducible

therefrom, <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), the evidence was sufficient to support the larceny and burglary convictions. Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>