COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Chesapeake, Virginia


KENNETH ANTHONY GORE

                                    MEMORANDUM OPINION* BY
v.   Record No. 1393-99-1           JUDGE SAM W. COLEMAN III
                                         APRIL 4, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Johnny E. Morrison, Judge

          Dianne G. Ringer, Senior Assistant Public
          Defender, for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Kenneth Anthony Gore was convicted in a bench trial of

statutory burglary with intent to commit assault in violation of

Code § 18.2-91.  He argues that the evidence is insufficient to

prove that he entered the dwelling with the requisite intent.  We

disagree and affirm the conviction.

                            BACKGROUND

     On October 8, 1998, at approximately 10:45 p.m., Kenneth

Gore, his sister, Patricia Gore, and his niece, Angelica Gore,

went to Althea Wallace's residence.  Wallace heard a knock on the

front door.  She opened her front door and stood behind the locked

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

screen door. When she opened the door, Gore asked Wallace if she "[had] a problem with [his] sister." Wallace responded that "[she] didn't have time for it" and slammed the front door shut. As Wallace returned to her back bedroom, she heard the sound of someone breaking through the screen door and kicking in the front door. Wallace came out of the bedroom to find Kenneth Gore entering the house. Wallace became frightened and fled the house through the back door of her bedroom.

Wallace testified that earlier that evening she had a confrontation with Patricia and Angelica Gore regarding the man that both Wallace and Patricia Gore were dating.

Angelica and Patricia Gore both testified that they had exchanged words with Wallace less than an hour before confronting her. Angelica Gore stated that after the earlier confrontation, she asked Kenneth Gore to accompany her and Patricia Gore to Wallace's residence. Patricia Gore stated that she went to Wallace's residence "to resolve a conflict" they had earlier that day. Angelica and Patricia Gore testified that although Kenneth Gore kicked in the front door, he never entered the residence.

## ANALYSIS

Gore, conceding that the evidence is sufficient to prove that he entered the residence, argues that the Commonwealth failed to prove that he broke and entered the residence with the intent to assault Wallace.

- 2 -

On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986) (citation omitted).

In a prosecution for statutory burglary under Code § 18.2-91, proof that the accused unlawfully entered another's dwelling supports an inference that the entry was made for an unlawful purpose. See Black v. Commonwealth, 222 Va. 838, 840, 284 S.E.2d 608, 609 (1981). The specific intent with which the unlawful entry is made may be inferred from the surrounding facts and circumstances. See Scott v. Commonwealth, 228 Va. 519, 524, 323 S.E.2d 572, 575 (1984). "The fact finder may draw reasonable inferences from the evidence that the perpetrator intended to commit one felony rather than another." Black, 222 Va. at 841, 282 S.E.2d at 609 (citation omitted); see also Scott, 228 Va. at 524, 323 S.E.2d at 575. "'Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be

shown by circumstantial evidence.'"  Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) (citations omitted).

Here, the evidence viewed in the light most favorable to the Commonwealth proved that Wallace and Patricia Gore were dating the same man and that they had exchanged words on several occasions. At approximately 10:00 p.m. on October 28, 1998, Patricia Gore and Wallace again argued over their mutual boyfriend.  Within an hour after the incident, Angelica Gore asked Kenneth Gore to accompany her and Patricia to Wallace's residence to confront Wallace about her relationship with the mutual boyfriend and to confront her about threats she had made earlier that evening.  Kenneth Gore knocked on the front door and asked Wallace if she "[had] a problem with [his] sister."  After Wallace refused to speak with Gore, she slammed the front door shut.  Gore broke through the screen door, kicked in the front door, and entered the residence. Wallace became frightened for her safety and fled the residence.

The fact finder reasonably could have inferred that Kenneth Gore had the intent to assault Wallace when he kicked down the front door and entered the residence.  Kenneth Gore's unlawful entry into the residence supports the inference that he entered with an unlawful purpose, and the surrounding circumstances support an inference that he entered with an intent to assault

Wallace.  Accordingly, we find the evidence sufficient to support the conviction and affirm.

<u>Affirmed.</u>