COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


WALTER SCOTT BAUGH
                                    MEMORANDUM OPINION* BY
v.    Record No. 0348-00-2      JUDGE JEAN HARRISON CLEMENTS
                                       OCTOBER 23, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                     Thomas V. Warren, Judge

          J. Thompson Cravens (Jason P. Livingston; J.
          Thompson Cravens & Associates, on brief), for
          appellant.

          Susan M. Harris, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


Walter Scott Baugh was convicted in a bench trial of failing to

perform promised construction in return for an advance of money

in violation of Code § 18.2-200.1.  On appeal, he contends (1)

the evidence was insufficient to support his conviction and (2)

the letter requesting repayment of the advance failed to comport

with the notice requirements of Code § 18.2-200.1.  We disagree

and affirm the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

proceedings as necessary to the parties' understanding of the disposition of this appeal.

## I. SUFFICIENCY OF THE EVIDENCE

Baugh first contends the evidence was insufficient to sustain his conviction of violating Code § 18.2-200.1. The Commonwealth, he maintains, failed to prove beyond a reasonable doubt that he had fraudulent intent at the time he obtained the second advance. We disagree.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). We will not disturb a conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

"The Commonwealth bears the burden of 'proving beyond a reasonable doubt each and every constituent element of a crime before an accused may stand convicted of that particular offense.'" Bruce v. Commonwealth, 22 Va. App. 264, 268, 469

-

S.E.2d 64, 67 (1996) (quoting Martin v. Commonwealth, 13 Va. App. 524, 529, 414 S.E.2d 401, 403 (1992) (en banc)), aff'd, 256 Va. App. 371, 506 S.E.2d 318 (1998).  Thus, to convict Baugh of violating Code § 18.2-200.1,[1] the Commonwealth had to prove beyond a reasonable doubt the following five elements:

> (1) obtaining an advance of money from another person, (2) a fraudulent intent at the time the advance is obtained, (3) a promise to perform construction or improvement involving real property, (4) a failure to perform the promise, and (5) a failure to return the advance "within fifteen days of a request to do so by certified mail" to the defendant's last known address or his address listed in the contract.

Klink v. Commonwealth, 12 Va. App. 815, 818, 407 S.E.2d 5, 7 (1991) (quoting Code § 18.2-200.1).  Baugh claims the Commonwealth's evidence was insufficient to prove that he had a fraudulent intent at the time he obtained the second advance.

---

[1] Code § 18.2-200.1 provides, in pertinent part, as follows:

> If any person obtain from another an advance of money . . . with fraudulent intent, upon a promise to perform construction . . . or improvement of any building or structure permanently annexed to real property . . . and fail or refuse to perform such promise, and also fail to substantially make good such advance, he shall be deemed guilty of the larceny of such money . . . if he fails to return such advance within fifteen days of a request to do so sent by certified mail, return receipt requested, to his last known address or to the address listed in the contract.

-

"Whether a fraudulent intent existed at the time the advance was obtained depends upon the circumstances of the case." Id. at 819, 407 S.E.2d at 8. "The defendant's conduct and representations must be examined in order to determine if a fraudulent intent existed at the time." Id. "A defendant's use of false statements is a significant factor that tends to prove fraudulent intent in construction fraud." Rader v. Commonwealth, 15 Va. App. 325, 330, 423 S.E.2d 207, 211 (1992).

We are mindful, in resolving this issue, that "where the Commonwealth's evidence as to an element of an offense is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). "However, '[w]hether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt.'" Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988) (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986)).

Applying these principles to the evidence before us, we hold that the evidence was sufficient to prove beyond a

-

reasonable doubt that Baugh violated Code § 18.2-200.1.  Taken together, Baugh's representations and conduct demonstrated that he obtained the second advance with the fraudulent intent not to complete the project.

Viewed in the light most favorable to the Commonwealth, the evidence established that, on February 13, 1999, Baugh entered into a contract with Robert Jorgenson to build a garage at Jorgenson's home for $14,575.  The contract provided for a down payment of $4,575 and for two additional payments of $5,000 each.  The contract was silent as to the completion date of the project, the dates or conditions upon which the second and third installments were due, and any escrow requirements for those payments.  Upon execution of the contract, Jorgenson gave Baugh a check for $4,500 as a down payment.  Baugh told Jorgenson that "he should be finished with the garage by the end of March."

On February 24, 1999, after completing the foundation of the garage, Baugh asked for the second installment payment, telling Jorgenson that "he had the trusses and the lumber ordered and needed another check."  According to Jorgenson, Baugh specifically indicated that "he needed this second check to pay for the materials that he had ordered."  Based on that representation, Jorgenson wrote Baugh a check for $5,175.[2]

---

[2] This figure represents the $5,000 second installment provided for in the contract, $75 owed from the first installment, and an additional $100 for "trim roof on front overhang."

-

Jorgenson was unaware at the time that Baugh was working on
other jobs.

After obtaining the second installment, Baugh performed no
work on the garage.  Shortly after receiving the check, he spent
approximately $2,300 of the $5,175 on purchases unrelated to the
construction of Jorgenson's garage and ultimately spent none of
the $5,175 on the garage project.  No material, other than the
initial material for the foundation, was ever delivered to the
job site.  At trial, Baugh was unable to present any
documentation showing that he had in fact ordered the trusses or
lumber.

Additionally, Jorgenson had difficulty contacting Baugh
after payment of the second installment.  He attempted to reach
Baugh by telephone several times.  The first "couple of times"
he left a message on Baugh's answering machine, but Baugh did
not return his calls.  Eventually, the machine stopped answering
calls altogether.

On March 28, 1999, Jorgenson wrote a letter to Baugh asking
him to call or stop by his house to discuss "what's going on"
with the garage.  He placed the letter in Baugh's mailbox and
mailed him a copy.  Shortly thereafter, Baugh met with Jorgenson
and told him he would resume work on the garage on or before
April 14, the material would be delivered April 14, and the
garage would be completed "two weeks or so" after that.

-

On April 14, 1999, Jorgenson became "very concerned" because work had not resumed on the garage, the material had not been delivered, and Baugh had not contacted him since their meeting some two weeks earlier. When Baugh eventually called late that day to tell Jorgenson that he had been hospitalized for eight days with appendicitis, Jorgenson informed him that he did not want him on the job anymore because he was "not dependable." According to Jorgenson, Baugh did not, contrary to Baugh's claim, tell him during that call that he had arranged for one of his workers to complete the garage.

On April 26, 1999, Jorgenson's attorney sent a certified letter, return receipt requested, to the address of Baugh's construction company listed in the contract requesting a full refund within fifteen days. The letter was returned unclaimed on May 12, 1999.

From this evidence, the trial court, as fact finder, could have concluded beyond a reasonable doubt that Baugh's representations were falsely made and intended to defraud Jorgenson. Not only did Baugh tell Jorgenson that he needed the second installment for the specific purpose of purchasing "ordered" material that was never delivered, he spent none of the second installment on that material or the construction of the garage. See Rader, 15 Va. App. at 330, 423 S.E.2d at 210-11 (holding that defendant's request for an advance for the stated purpose of buying building material that was never ordered and

-

defendant's failure to apply any of the advance so requested toward work on the project were factors from which fact finder could infer fraudulent intent).  Furthermore, once he received the second installment, Baugh failed in all but one instance to respond to Jorgenson's attempts to contact him and generally did not keep Jorgenson informed about when work on the garage would resume or the reasons for the work stoppage and delays.  See id. (holding that defendant's general lack of communication with client about project's problems was further evidence of his fraudulent intent).  These circumstances, we conclude, excluded every reasonable hypothesis of innocence and were sufficient to prove beyond a reasonable doubt Baugh's fraudulent intent.  Furthermore, the trial court's judgment was not plainly wrong.

Although Baugh denied that he had any intent to defraud Jorgenson and disputed much of Jorgenson's testimony, the trial judge was not required to accept his explanations and disbelieve Jorgenson.  Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981).  "The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact[ ]finder's determination."  Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).  Here, the trial judge expressly stated that he found Jorgenson to be "a very credible witness" and "more credible than" Baugh and his witness.

-

II.  REQUEST FOR RETURN OF ADVANCE

Appellant also contends the letter sent to him on April 26, 1999 by Jorgenson's attorney was deficient because it requested a full refund rather than a refund specifically of the second installment.  We disagree.

"[A] person accused of violating [Code § 18.2-200.1] cannot be convicted unless the evidence proves beyond a reasonable doubt . . . that the accused 'fail[ed] to return [the] advance within fifteen days of a request to do so,' and that the request was 'sent by certified mail, return receipt requested.'" Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991) (quoting Code § 18.2-200.1).

Here, Jorgenson did all that the statute required.  He sent, through his attorney, a "request" letter by certified mail, return receipt requested, to Baugh's address listed in the contract.  In that letter, he demanded that Baugh return "the $9,675.00 paid to [Baugh] for the [garage] project."  The letter lists the two advances made by Jorgenson, including "the additional installment of $5,175.00 on February 24, 1999."  The letter further states as follows:

> You have failed or refused to perform the promised construction and have failed to make good such advances.  Further, the supplies that were supposedly ordered never were delivered.

The fact that Jorgenson demanded return of the full amount advanced to Baugh does not, in our view, invalidate or render

-

deficient his request for the return of the $5,175 second installment.  The letter clearly and effectively informs Baugh that, <u>inter</u> <u>alia</u>, the second advance was to be returned to Jorgenson within fifteen days.  Neither the statute nor case law requires more.  Accordingly, we hold the letter sent by Jorgenson complied with the statute and provided valid notice to Baugh.

For these reasons, we affirm Baugh's conviction.

<u>Affirmed.</u>

-