COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Clements and Senior Judge Hodges
Argued at Richmond, Virginia


HERBERT H. COUSINS

MEMORANDUM OPINION[*] BY
v.    Record No. 2140-02-2      JUDGE WILLIAM H. HODGES
JUNE 24, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

H. Pratt Cook, III (Robert Cabell &
Associates, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Herbert H. Cousins, appellant, appeals his conviction for

driving or operating a motor vehicle while under the influence of

alcohol, in violation of Code § 18.2-266. On appeal, he contends

the evidence was insufficient to prove he committed the offense,

based on the reasonable hypothesis that his erratic driving was

caused by an anxiety attack. We affirm the trial court's

decision.

BACKGROUND

At 8:15 p.m. on December 15, 2001, Officer Johnakin observed

appellant driving a motor vehicle. Johnakin saw the vehicle

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

make a wide right turn. The vehicle traveled across the double yellow divider lines in the center of a two-lane road and into the oncoming travel lane. Johnakin followed appellant's vehicle for about one mile, and he saw it weave several times, crossing the solid line on the right of its travel lane and crossing the double yellow lines on the left of its travel lane. Johnakin stopped appellant and smelled an odor of alcohol about appellant's person. Appellant's eyes were red and glassy, and his speech was slightly slurred.

Appellant told Johnakin that he was diabetic, but he had not taken any insulin. Appellant also told Johnakin that he had consumed three beers and he was taking the medication Diazapam. Johnakin asked appellant if he had any physical handicaps that would prevent him from performing field sobriety tests. Appellant replied, "No." Appellant then passed the alphabet test. However, appellant missed several steps on the heel to toe test, stepped off the line several times, and raised his arms during the test. Johnakin testified that the lighting conditions were good where the tests were conducted.

Appellant told Johnakin he was "too nervous" to perform the one legged stand test, and he claimed he was having an anxiety attack. Appellant said he was "fine to drive," and he told Johnakin, "You have what you need." Appellant then said he

needed an ambulance, and a rescue squad transported appellant to a hospital.

Johnakin arrested appellant at 8:36 p.m. At 9:03 p.m., Johnakin read appellant the implied consent law. Appellant said he was not going to take any test. A nurse read the implied consent to appellant again, and appellant refused to sign the declaration of refusal. Appellant also refused to take a blood test. Another officer again read the implied consent to appellant in the presence of Officer Carle, who signed as a witness on the refusal form.

Dr. Arthur Ernst saw appellant in the emergency room on the night of the incident. Dr. Ernst testified that a person driving a motor vehicle while having an anxiety attack could drive erratically as if he was intoxicated. Dr. Ernst had not made a note in his record that appellant smelled of alcohol when he saw him. Dr. Ernst stated that, as a matter of course, he notes whether a patient smells of alcohol, and that, therefore, he had not smelled alcohol on appellant. On cross-examination, Dr. Ernst stated that alcohol diminishes from the body over time.

Appellant testified that he felt ill on the night of December 15 and that, when he saw the officer following him, he began to feel anxious. He also stated that he told Johnakin he was having a panic attack and he wanted to get medication from

-

his glove compartment. Appellant testified that no one explained anything to him about signing a form and no one read the refusal form to him. He stated that he had consumed "about two beers" prior to the stop and was taking Lorazepam for anxiety attacks, which he had experienced in the past. Appellant also testified that he asked Johnakin to call a rescue squad, but Johnakin refused.

On rebuttal, Officer Carle testified that she witnessed the refusal form being read to appellant at the hospital.

Appellant moved to strike the evidence on the ground that the Commonwealth failed to exclude the reasonable hypothesis that his erratic driving was caused by an anxiety attack. The trial court denied the motion and found appellant guilty of driving under the influence of alcohol.

### ANALYSIS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

> [W]e review the jury's decision to see if reasonable jurors could have made the choices that the jury did make. We let the decision stand unless we conclude no rational juror could have reached that decision. "[I]f there is evidence to sustain the verdict, this Court should not

-

> overrule it and substitute its own judgment,
> even if its opinion might differ from that
> of the jury."

Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (en banc) (citation omitted). The same standard applies when a trial judge sits as the fact finder because "the court's judgment is accorded the same weight as a jury verdict." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 907 (2001).

Although appellant testified that he began to have an anxiety attack when he saw the police car behind him, the trial court was not required to accept appellant's explanation for his erratic driving. "[T]he [fact finder] was not required to believe the defendant's explanation, and if that explanation is not believed, the [fact finder] may infer that the accused is lying to conceal his guilt." Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981).

Furthermore, appellant testified that he had consumed "about two beers" prior to driving, whereas he told Johnakin at the scene that he drank three beers before driving. Appellant also testified that he requested an ambulance at the scene, but Johnakin refused to call one. However, the evidence showed that a rescue squad transported appellant to the hospital. In addition, appellant testified that no one read the refusal form to him. However, several officers testified to the contrary.

-

Although the doctor testified that a person driving a motor vehicle while having an anxiety attack could drive erratically, he did not testify that appellant had experienced an anxiety attack on the night of the incident.  Moreover, Johnakin testified that, at the scene of the stop, he smelled alcohol about appellant's person, appellant's eyes were red and glassy, and appellant's speech was slurred.  In addition, as discussed above, appellant admitted that he had consumed alcohol prior to driving.  Furthermore, although the doctor did not indicate in his notes that he detected an odor of alcohol about appellant's person, the doctor also stated that alcohol diminishes from the body over time.

"After determining credibility and assessing the weight of the testimony, the [fact finder] must ascertain what reasonable inferences arise from the facts [he] found proven by that testimony."  Pease, 39 Va. App. at 354, 573 S.E.2d at 278.

> [T]he [fact finder] decides if the proven facts, and the reasonable inferences drawn from them, establish guilt beyond a reasonable doubt.  If so, the [fact finder] . . . convicts.  If the [fact finder] decides that a theory of innocence remains and the theory is reasonable, [the fact finder] . . . acquits.  "Whether an alternative hypothesis of innocence is reasonable is a question of fact . . . ."

Id. at 355, 573 S.E.2d at 278 (citations omitted).

-

The trial court "was entitled to evaluate [appellant's] theory of innocence upon consideration of all the evidence and the reasonable inferences that flow from that evidence. It is clear that the [trial court] rejected [appellant's] theory as unreasonable." Commonwealth v. Hudson, 265 Va. 505, 517, 578 S.E.2d 781, 787 (2003). There is credible evidence to support the Commonwealth's theory that appellant was intoxicated when he operated the motor vehicle on the night of December 15, 2001. Because we cannot say the trial court's decision was plainly wrong, we affirm its finding.

Affirmed.