COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Frank
Argued at Chesapeake, Virginia


MAHTORHEE LYCURGUS BELL, III

MEMORANDUM OPINION[*] BY
v.      Record No. 3181-02-1                JUDGE RUDOLPH BUMGARDNER, III
                                            NOVEMBER 4, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Frederick H. Creekmore, Judge

Elizabeth D. Ireland (Tarter, Ireland & Winn, P.C., on brief), for
appellant.

Stephen R. McCullough, Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


The trial court convicted Mahtorhee Lycurgus Bell of breaking and entering, grand

larceny, attempted breaking and entering, and possession of burglary tools.[1] The only issue

granted on appeal is whether the evidence was sufficient to prove possession of burglary tools.

Concluding the evidence was sufficient, we affirm.

We view the evidence and the reasonable inferences therefrom in the light most favorable

to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786

(2003). Fred Ashbrook secured his home at 5:45 a.m. and went to work. Later, his neighbor, an

off-duty police officer, saw the defendant ringing Ashbrook's doorbell, looking through his

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] "If any person have in his possession any tools, implements or outfit, with intent to
commit burglary, robbery or larceny, upon conviction thereof he shall be guilty of a Class 5
felony." Code § 18.2-94.

windows, and looking up and down the street. The neighbor called 911 to report the incident and watched the defendant move to the rear of the house, looking in each window as he went.

A police officer responded to the scene and saw the defendant manipulating the screen door with something in his hand. When the officer announced "Chesapeake police," the defendant fled. The officer and the neighbor chased and apprehended the defendant. They found two, three-inch in diameter rocks in the defendant's front pants pocket. The "sharp pointed rocks" had a point that stuck out when held in one's hand. The officer found no other rocks along the defendant's path. The officer found a tear in the screen next to the door latch.

The defendant testified he was looking for his sister's house and was knocking on the screen door. When he saw someone in the bushes, he ran. He maintained he "snatched" up the rocks while running and held them in his hand. The defendant said he was glad the police arrived because he thought he was going to be robbed. The defendant denied seeing the officer or hearing him announce, "police."

The Commonwealth must prove the defendant possessed "tools, implements or outfits" with the intent to use them to commit burglary. Code § 18.2-94. He was not granted an appeal attacking the sufficiency of the attempted burglary conviction. The evidence was sufficient to prove his intent to break and enter, and the defendant concedes that rocks can be burglary tools.

The defendant possessed two rocks, each with a sharp point. He used the rocks to make a hole in the wire mesh of the screen door. Considering that the defendant used the rocks to assist in breaking through the door and that he intended to break and enter, the evidence was sufficient to prove he possessed burglary tools. "The fact finder need not believe the accused's explanation and may infer that he is trying to conceal his guilt." Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981). Moreover, the defendant's flight when the officer announced

himself may be considered as evidence of guilt.  Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996).  The evidence was sufficient.  Accordingly, we affirm his conviction.

Affirmed