COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


JOSHUA LUCAS PERKINS

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1025-03-1                  JUDGE JAMES W. BENTON, JR.
                                                    SEPTEMBER 7, 2004

COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    E. Everett Bagnell, Judge

        Nathan A. Chapman (Law Offices of William B. Parkhurst, P.C., on
        brief), for appellant.

        Susan L. Parrish, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Joshua Lucas Perkins contends the evidence was insufficient to support his conviction for

attempted statutory burglary.  See Code § 18.2-91.  We disagree and affirm the conviction.

                                        I.

        When a defendant challenges the sufficiency of the evidence to support a conviction, we

must consider the evidence in the light most favorable to the prevailing party at trial, the

Commonwealth, and accord to that evidence all reasonable inferences that are fairly deducible.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  So viewed, the

evidence proved Perkins went to his sister's house one afternoon and began "banging" on the back

door.  A neighbor testified that Perkins then removed a screen from a bathroom window and

unsuccessfully tried to open the window.  He next went to a bedroom window and "pulled [the

screen] off" that window but failed to open the window.  Perkins then went to a shed in his sister's

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

yard, retrieved something having the appearance of a pipe or stick, and began "beating on the lock" of the back door. After watching these events, the neighbor asked what he was doing. Perkins responded that this was his sister's house. When the neighbor told him his sister was not home, Perkins walked to the front of the house. The neighbor heard more loud noise but did not investigate further.

Perkins's sister testified that, when she returned home, her neighbor informed her of her brother's conduct. She then noticed the screen had been removed from her bedroom window and other window screens were dented. She also testified that her front door "was a little bit hard to open" and that it was not in this condition when she earlier left her house.

Perkins's sister testified that she had not given him permission to enter her house and that he later told her he "did try and break in [the] house." She testified that Perkins was a "drug addict" and that he told her he was trying to break into the house because "he was jonesing," which she explained was a "street term" meaning he needed "a fix." On cross-examination, she testified that, before these events occurred at her house, she told their mother Perkins had a drug problem. She also testified Perkins was not happy about her conversation with their mother.

Perkins, a convicted felon, testified he went to confront his sister after learning she told their mother he was a drug addict. He testified that he thought she was home because he knew she stayed home to watch her children and also because her car was in the driveway. He also testified he heard noises coming from inside the house and removed the screens to look inside the windows. He then went to the backyard, got a shovel from the shed, and hit the door with the shovel. After he spoke to the neighbor, he went to the front door and kicked it a few times before leaving. Perkins denied telling his sister that he tried to break into the house or that he was "jonesing." He said he was furious but he had not had any heroin that day.

The trial judge found that Perkins's testimony was not credible, found evidence sufficient to satisfy the specific intent to commit larceny, and convicted Perkins of attempted statutory burglary.

II.

Perkins contends the evidence was insufficient to prove he intended to commit larceny and did not exclude a reasonable hypothesis of innocence.

To support the conviction for attempted statutory burglary, the Commonwealth was required to prove an attempt to break and enter the dwelling with intent to commit larceny. Code § 18.2-91 and Code § 18.2-26. "Intent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances . . . [, such as] a person's conduct or . . . his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969). Moreover, the Supreme Court has held that the trier of fact "may draw reasonable inferences from the evidence that the perpetrator intended to commit one felony rather than another." Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981).

The evidence in this case was sufficient to prove Perkins attempted to break into the house at a time when he needed "a fix" for his drug addiction. Thus, the trial judge could infer that Perkins knew his sister was not in the house when he attempted to enter because the evidence proved Perkins continued his efforts to break into the house even when no one responded to his "banging" and after the neighbor informed him his sister was not at home. We hold, therefore, that the trial judge, as trier of fact, could infer beyond a reasonable doubt from Perkins's conduct and his drug addiction that he intended to steal money or items to support his addiction.

Perkins also contends that his explanation for his actions demonstrated his intent was otherwise. The trial judge, however, was not required to accept Perkins's testimony that he merely wanted to speak with his sister. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence

as it is presented." <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Thus, in his role of judging witness credibility, the trial judge was entitled to disbelieve Perkins's self-serving testimony. <u>Marable v. Commonwealth</u>, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). Indeed, the trial judge expressly found Perkins not to be a credible witness.

For these reasons, we hold that the evidence was sufficient to prove beyond a reasonable doubt that Perkins was guilty of attempted statutory burglary.

<u>Affirmed</u>.