COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Clements and McClanahan
Argued at Richmond, Virginia


BRIAN SCOTT NEWPORT

MEMORANDUM OPINION[*] BY

v.        Record No. 0798-04-2          JUDGE ELIZABETH A. McCLANAHAN
                                                       APRIL 19, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr. Judge

Llezelle Agustin Dugger, Assistant Public Defender, for appellant.

Denise C. Anderson, Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


        Brian Scott Newport appeals a conviction for failure to return bailed property in violation

of Code § 18.2-117.  Newport raises two issues:  whether the trial court erred in:  (1) applying

the statute's *prima facie* presumption of larceny for failure to return a rental car within five days

after the due date; and (2) finding that Newport's evidence was insufficient to rebut that

presumption.  For the reasons that follow, we affirm the trial court.

        We note that the conviction order of January 14, 2004, erroneously recites that Newport

entered a plea of guilty to the charged offense.  The transcript of the proceedings clearly

indicates that Newport entered a plea of not guilty.  Therefore, we remand the matter to the trial

court for the sole purpose of correcting the clerical error in that order.  See Tatum v.

Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994); see also Code

§ 8.01-428(B).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

We view the evidence in the "light most favorable" to the Commonwealth, the party prevailing in the trial court. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). "On appeal, this court must 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and *all fair inferences to be drawn therefrom*.'" Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (citation omitted and emphasis in original). So viewed, the evidence showed that on February 3, 1999, Newport rented a vehicle worth $9,000 from Rent-a-Wreck, a car rental company located in Albemarle County. The rental agreement specified that the car was to be returned to Rent-a-Wreck by 3:00 p.m. on February 8, 1999, and was to be driven no more than one hundred and fifty miles per day.

The car was not returned by February 8th. During the rental return grace period, Rent-a-Wreck telephoned and paged Newport several times. Newport returned the pages and told Rent-a-Wreck that he was institutionalized at Western State Hospital and that the car could be found in a parking lot on Fifth Street in Charlottesville. When Rent-a-Wreck representatives went to that location, the car was not there.

Newport testified that he rented the car to follow his fiancée, whom he suspected was cheating on him. When he discovered that she was, he attempted to commit suicide by carbon monoxide poisoning. Although Newport could not remember the date of the suicide attempt, he testified that he was admitted to the University of Virginia Hospital soon after that attempt. Newport testified that shortly after leaving the hospital, he confronted his fiancée, which resulted in his being involuntarily committed to Western State Hospital. His commitment began on February 12, 1999, four days after the car was due back to Rent-a-Wreck, and ended on February 16, 1999.

The car was recovered on February 14, 1999, when a Rent-a-Wreck employee happened to drive by an apartment complex and notice the vehicle in the parking lot. The car was found six days past the rental period and had been driven 1,932 miles, "well beyond the terms permitted by the rental agreement." The car also had body damage totaling $815.59.

## II. ANALYSIS

Newport argues that the trial court erred in applying the *prima facie* presumption that Newport had a fraudulent intent to commit larceny for failure to return the rental car to Rent-a-Wreck. However, pursuant to the statute, the court *shall* apply the *prima facie* presumption if the vehicle is not returned within five days of the return date required under the contract. Code § 18.2-117 provides, in pertinent part:

> If any person comes into the possession as bailee of any . . . vehicle . . . and fail[s] to return the same to the bailor, in accordance with the bailment agreement, he shall be deemed guilty of larceny thereof and receive the same punishment, according to the value of the thing stolen, prescribed for the punishment of the larceny of goods and chattels. *The failure to return to the bailor such . . . vehicle . . . within five days from the time the bailee has agreed in writing to return the same shall be prima facie evidence of larceny by such bailee of such . . . vehicle . . . .*

(Emphasis added). Newport also concedes that Code "§ 18.2-117 allows a *prima facie* presumption of fraudulent intent if a rental vehicle was not returned within five days of its agreed-upon return date."

"*Prima facie* evidence is evidence which on its first appearance is sufficient to raise a presumption of fact or establish the fact in question unless rebutted." Babbitt v. Miller, 192 Va. 372, 379-80, 64 S.E.2d 718, 722 (1951). The evidence showed that Newport executed a written agreement to rent the car until February 8th. Code § 18.2-117, therefore, required the car to be returned by February 13th. Because the car was not recovered until February 14th, the

- 3 -

Commonwealth established that Newport failed to return the car within the five-day period. Therefore, the trial court did not err in applying the presumption.

Newport argues that because his evidence showed that he was physically unable to return the car within the five-day period, he sufficiently rebutted the presumption. "When addressing a challenge to the sufficiency of the evidence, we presume the judgment of the trial court to be correct and reverse only if the trial court's decision is plainly wrong or without evidence to support it." Seaton v. Commonwealth, 42 Va. App. 739, 746, 595 S.E.2d 9, 12-13 (2004) (internal quotations and citation omitted).

Newport's evidence showed that because he was institutionalized at Western State Hospital he could not physically return the vehicle from February 12th to February14th, when the car was recovered. However, his evidence did not explain why he did not return the car between February 8th and February 12th. He testified that, during that time period, he attempted suicide, and, as a result, was hospitalized at the University of Virginia Hospital. However, he provided no dates or documentation to verify that evidence. Furthermore, Newport told Rent-a-Wreck that the car was parked in a lot on Fifth Street in Charlottesville. When Rent-a-Wreck representatives attempted to recover the car from that location, it was not there. A Rent-a-Wreck employee, by chance, spotted the car in a different location, and it was recovered six days after the contract period had elapsed. Although Newport denied that he had fraudulent intent to keep the car, the trial judge was not required to accept his explanations. See Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981); Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 864, 870 (1997); Moore v. Commonwealth, 25 Va. App. 277, 289, 487 S.E.2d 864, 870 (1997). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that

evidence as it is presented." <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d

730, 732 (1995).

III.  C<small>ONCLUSION</small>

We hold that the trial court did not err in applying the statutory presumption.

Additionally, there is sufficient evidence to support the trial court's decision that Newport did

not rebut the *prima facie* presumption.  Accordingly, we affirm the conviction.

<u>Affirmed on the merits;</u><br><u>remanded with instructions.</u>