COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Beales
Argued at Chesapeake, Virginia


EDWARD MACAUTHUR GAYE

                                                 MEMORANDUM OPINION[*] BY

v.       Record No. 0986-06-1                JUDGE RANDOLPH A. BEALES
                                                      JUNE 5, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

Anthony J. Nicolo (Ferrell, Sayer & Nicolo, P.C., on brief), for
appellant.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Edward Macauthur Gaye (appellant) was convicted by the trial court of possession of

cocaine with the intent to distribute (second offense), pursuant to Code § 18.2-248.[1]  On appeal,

he argues that the trial court erred in finding that the evidence was sufficient to prove he intended

to distribute the cocaine found in his possession.[2]

Appellant does not argue on appeal that the evidence was insufficient to prove he

possessed the cocaine.  He argues only that the evidence did not prove he possessed the drugs

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-248(A) reads, "Except as authorized in the Drug Control Act (§ 54.1-3400
et seq.), it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with
intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled
substance."

[2] Appellant's petition for appeal asked for review of the trial court's denial of his motion
to suppress, but this Court did not grant review of the issues related to reasonable suspicion or
probable cause.

with the intent to distribute them. In such cases, when reviewing a record to determine whether the evidence was sufficient to support a conviction, we consider the evidence in the light most favorable to the Commonwealth and will not overturn the conviction unless the decision was "plainly wrong or without evidence to support it." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Three "rocks" of cocaine were found in the car appellant was driving. Officer Killian testified that the rocks were individually wrapped and placed together in a baggie. Appellant also had $85 in his possession, but no smoking devices. Investigator Jamal Davis, an expert in investigation of narcotics, its packaging, and its distribution, testified that the manner in which the drugs were packaged was typical of distribution and inconsistent with personal use. He also noted that the lack of a smoking device "shows me that he is not a user."

Appellant testified that he used crack cocaine, heroin, and powder cocaine, amounting to a $270-a-day habit. He stated that he received $345 each month through Social Security and that he had no job. He claimed that his friends gave him drugs on a regular basis.

Although alone the weight of the drugs and the amount of money found on appellant were not necessarily indicative of an intent to distribute controlled substances, the record contains sufficient additional evidence upon which the trial court could conclude that appellant intended to distribute the drugs. Investigator Davis explained that the manner in which the drugs were packaged was inconsistent with personal use. He explained that the lack of a smoking device was important in his evaluation of the circumstances, too. The trial court found this expert testimony credible. See Mercer v. Commonwealth, 259 Va. 235, 242-43, 523 S.E.2d 213, 217 (2000) (explaining that the fact finder assesses the credibility of witnesses, including experts, and appellate courts generally should defer to those findings).

The trial court also heard appellant's testimony.  The trial court found, if appellant really used all the drugs that he claimed he used, then he "had to be dealing" to make the money to support his habit.  The court did not believe that his friends would give him $270 worth of drugs a day.  The court used the factual conclusion that appellant was lying as further evidence of his guilt.  See Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981) ("The fact finder need not believe the accused's explanation and may infer that he is trying to conceal his guilt.").

As the evidence is sufficient to support the trial court's finding of guilt, we affirm the conviction.

Affirmed.