## Richmond

Beverly Jolsen Burrows, III

v.

Commonwealth of Virginia

October 15, 1982.

Record No. 812008.

Present: Carrico, C.J., Poff, Compton, Thompson, Stephenson, and Russell, JJ.

*Jeffrey M. Steingold* for appellant.
*Donald R. Curry, Assistant Attorney General (Gerald L. Baliles, Attorney General; Elizabeth C. Gay, Assistant Attorney General,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

Following a bench trial, Beverly Jolsen Burrows, III, was convicted of robbery and malicious wounding. The dispositive issue in this appeal is whether the evidence is sufficient as a matter of law to prove the defendant was the criminal agent. Finding the evidence insufficient, we reverse the convictions and dismiss the indictments.

The victim testified that he was at a large Labor Day party in King William County. While he was in a patch of woods, someone came up from behind and started hitting him. The victim testified he was struck four or five times, his nose was broken, and he "couldn't see anything." The assailant took his wallet and fled. When asked to identify the attacker at trial, the victim responded, "Well, it looks like that gentleman there [referring to Burrows], but . . . I can't say absolutely sure, because it happened so fast. Like I said, he came from behind me."

Herman Johnson testified that sometime after the robbery he saw the defendant with four or five other people near a river which flowed through the party site. He observed a wallet floating in the river and requested that Burrows retrieve it, which he did.

Johnson and another man grabbed the defendant in an attempt to hold him until the police arrived. They later released Burrows, who immediately left the scene. Johnson testified the defendant had no apparent injuries and had no blood on him when he first saw him, but that the defendant fell and injured himself after escaping from Johnson. Johnson further testified he saw the victim after the incident and that he was covered with blood.

Burrows testified he attended the party with his brother. He confirmed Johnson's testimony and stated he fled the scene because he did not know why Johnson and the other man were holding him and he was scared. He denied seeing the victim at the party or attacking him. When questioned about a statement he had given the police that he did not know where King William County was, the defendant testified he was unaware in what county the party was located.

■ We have often times stated the standards to be used when passing on the sufficiency of the evidence. "The evidence and all just and reasonable inferences therefrom must be viewed on appeal in the light most favorable to the appellee. In addition, the verdict of the trial court will not be disturbed unless it appears to be plainly wrong or without evidence to support it." *Carter* v. *Commonwealth,* 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982); *Higginbotham* v. *Commonwealth,* 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). When a case is based on circumstantial evidence, " 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.' " *Carter,* 223 Va. at 532, 290 S.E.2d at 867; *Inge* v. *Commonwealth,* 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976).

■ In the present case, the evidence of the victim alone is insufficient to prove the defendant was the criminal agent. The victim candidly admitted his assailant came from behind, that he was unable to see him, and he was not sure Burrows was his attacker. The Commonwealth concedes the identification was "tentative" and that its case is based on circumstantial evidence.

The only other evidence linking the defendant to the crime was that he was seen near the wallet. However, by the Commonwealth's own witness, four or five other people were in the vicinity, and the defendant retrieved the wallet at Johnson's request. This is not sufficient to prove the defendant's guilt.

The Commonwealth argues the trier of fact was free to draw inferences of guilt from the facts that Burrows fled the scene and that he gave a statement to the police denying he knew where King William County was. However, the defendant explained his conduct, and these facts are not inconsistent with his innocence.

Based on the evidence as a whole, the Commonwealth did not prove beyond a reasonable doubt Burrows was the criminal agent. The most that can be stated is that the evidence created a suspi-

cion Burrows was the perpetrator. "Suspicion, however, no matter how strong, is insufficient to sustain a criminal conviction." *Stover v. Commonwealth,* 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981).

Accordingly, the judgments of conviction will be reversed and the indictments dismissed.

*Reversed and dismissed.*

RUSSELL, J., dissenting.

The majority opinion correctly states the law governing our review of a criminal conviction based on alleged insufficiency of the evidence. We must view the evidence in the light most favorable to the Commonwealth and disturb the verdict only if we find that it is plainly wrong or without evidence to support it. Code § 8.01-680. If we depart from that standard of review, we take over the function of the fact-finder who actually saw and heard the witnesses, substituting our own judgment as to the weight to be given their testimony. *See Ware* v. *Commonwealth,* 214 Va. 520, 523, 201 S.E.2d 791, 793 (1974).

The evidence in this case seems to me to give adequate support to the trial court's finding. The victim was attacked from behind and hit in the face with fists four or five times with such force that his nose was broken and both eyes blackened. After he fell to the ground he was kicked several times and his wallet was taken. The victim testified that his attacker was "blond-headed" and that he looked like the defendant; but that he wasn't absolutely sure the defendant was his attacker because of the suddenness and violence of the attack, and because the attacker had approached him from behind. There is no requisite that testimony of this kind reach absolute certainty. It is entitled to such weight as the fact-finder may give it in the light of the surrounding circumstances, as shown by all evidence in the case. *Hammer* v. *Commonwealth,* 207 Va. 159, 163, 148 S.E.2d 892, 895 (1966).

The defendant was seen by Johnson and Murphy a few minutes after the attack. He was standing "in the briars" at the bank of the river near the victim's wallet, which had evidently just been emptied of money and thrown into the water. Johnson testified on direct examination:

Q. "Where was the wallet when you first observed him in relation to where he was?"

A. "He was on the edge of the bank and the wallet was in the river."

Q. "Who else was there?"

A. "Nobody but Grayson Murphy."

On cross-examination, defense counsel asked Johnson:

Q. " — you saw Mr. Burrows on the river bank; is that correct?"

A. "Yes."

Q. "There were a lot of people around at that time?"

A. "Very few."

Q. "Some people?"

A. "Four or five."

The majority opinion interprets this testimony as meaning that Johnson saw the defendant "with four or five people." In our position on appellate review, I do not believe it should be so interpreted. It seems to me to support the trial judge's conclusion that the defendant was alone "on the edge of the bank" near the wallet, and that the four or five others were in the vicinity, but not in his company. The distinction is crucial because it permits the fact-finder to draw an inference of guilt from the defendant's possession of property recently stolen by a lone robber. The majority opinion seems to me to view the testimony in the light most favorable to the defendant.

At Johnson's orders, the defendant retrieved the wallet. All the money had been removed from it. Johnson and Murphy, knowing the police had been called, attempted to hold him. After the defendant broke away from them, he fled through the woods. He testified that he was afraid of Johnson and Murphy and didn't know why he had been restrained. However, he evidently slowed to a normal pace as he passed within ten feet of a state trooper who was entering the area, and asked him for no help. In fact, he said nothing. The trooper testified that the defendant was shirtless, had blood on his right hand, and looked as if he had been in a fight. At trial, the defendant explained his appearance by saying that he had fallen down "many times" while running through the woods to escape Johnson and Murphy, and that he had suffered cuts in so doing.

The defendant had been brought to the party as a passenger in a car driven by his brother. However, instead of seeking out the brother for aid or for a ride home, he ran out of the woods on a dirt road, after passing the trooper, and hitch-hiked a ride back to

Richmond with a stranger. He said nothing to his host about being pursued by Johnson and Murphy, or being in fear, or falling down while running. Rather, he said that he had blood on his hands and his pants as a result of breaking up a fight. When he was arrested two days later, the defendant's hands were badly swollen around the knuckles. After being warned of his rights, the defendant at first refused to say where he had been on the date in question, and later said he had no idea where King William County was. He never told the police that he was at the scene, but at trial purported to give a detailed account of his experiences at the party in King William County. The court was fully justified in rejecting his version.

If the evidence, is viewed in the light most favorable to the Commonwealth, it seems to me to give full circumstantial support to the trial court's finding. Since we lack the trial judge's opportunity to evaluate this testimony at first hand, I would affirm.

THOMPSON, J., joins in dissent.