Present:    All the Justices

THIET VAN PHAN
                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 990093              November 5, 1999

COMMONWEALTH OF VIRGINIA

                FROM THE COURT OF APPEALS OF VIRGINIA

     Thiet Van Phan was tried before a jury in the Circuit

Court of Arlington County and convicted of the first-degree

murder of Long Hung Nguyen, the malicious wounding of Nghia H.

Bui, and two counts of the use of a firearm during the

commission of a felony.  He was sentenced in accordance with

the jury's verdicts to 75 years imprisonment for the murder

conviction, 15 years imprisonment for the malicious wounding

conviction, and a total of eight years imprisonment for two

convictions for use of a firearm.  The Court of Appeals denied

Phan's petition for appeal and, here, Phan challenges the

sufficiency of the evidence to sustain the convictions.

                                  I.

     Applying well-established principles of appellate review,

we must consider the evidence and all reasonable inferences

fairly deducible therefrom in the light most favorable to the

Commonwealth, the prevailing party below.  Derr v.

Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991).

     Between 3:00 and 4:00 p.m. on January 26, 1997, the

defendant was in the Haiau Billiard and Coffee Shop in the

City of Falls Church.  Nhan Van Nguyen, another patron in the pool hall, went to a bathroom where he was attacked and beaten by the defendant and another man.  Nhan Van Nguyen ran out of the bathroom and tried to get help.

Subsequently, the defendant left the bathroom and returned to a larger room in the pool hall where he encountered Long Hung Nguyen, a manager of the pool hall. Long Nguyen confronted the defendant and told him "not to make trouble in the pool hall."  The defendant "talk[ed] back, [and] said . . . what if I do?  What [are] you going to do about it?"  The defendant, Long Nguyen, and Van Nguyen (Long Nguyen's brother) began to fight.  Long Nguyen and Van Nguyen struck the defendant, and the defendant's nose began to bleed. After the fight, the defendant, who was four feet, eleven inches tall, and weighed 130 pounds, took off his shirt and said to Van Nguyen and Long Nguyen:  "If any one of you guys about this size just come forward, I will challenge any one of you guys."  Long Nguyen challenged the defendant stating "okay, how about you and I — you and me then."  The defendant did not respond to Long Nguyen's challenge to fight.

Long Nguyen told the defendant, whose nose was still bleeding, to "just cool out.  Go wash your face and just sit down, relax."  The defendant washed his face and said "I'll be back" as he left the premises.  According to Long Hoang

2

Nguyen, a pool hall employee, the defendant made this statement in English using the same tone as that used in a line from "[s]ome action movie."

Later that evening, shortly after 8:00 p.m., as Long Nguyen was in the pool hall tallying the day's receipts, three masked gunmen entered the pool hall through a back door and proceeded quickly and directly toward Long Nguyen. One of the assailants jumped on top of a counter as the three masked gunmen fired between 15 to 20 gunshots. Long Nguyen sustained multiple gunshot wounds which caused his death. One of the assailants also shot Nghia Bui, a patron of the pool hall, in the foot. The masked assailants departed through the back door without taking any of the cash that was visible on the counter behind which Long Nguyen had been standing.

Five eyewitnesses testified that one of the three masked gunmen was noticeably shorter than the other two assailants. Sang Van Ha described the short gunman as "[k]ind of fat" with hair a "little bit" below his shoulders. Ha testified that when the gunmen first entered the pool hall, the shortest gunman was in the process of pulling down his mask, and Ha could see the lower portion of the gunman's face and his dark skin.

Ha, who had seen Phan at the pool hall earlier on the day of the murder, testified that Phan and the shortest gunman had

3

the "[s]ame hair, same . . . figure." Ha also described one of the assailants as "kind of short," with "dark skin and long hair." Ha stated that the person who looked like the defendant was wearing a black-colored mask and was "[k]ind of fat."

Bui testified that all three gunmen fired their weapons in the area of the counter, and that the shortest gunman shot at him at least three times, striking him once in the foot. He stated that the shortest gunman was "no more than five feet [tall]." Thuylinh Ho, the victim's girlfriend, testified that one of the gunmen was "really short and a little chubby."

Tuong Vinh Nguyen, a pool hall patron who was present when the murder occurred, described the shortest gunman as being about five feet tall and "kind of chubby" with "long [black] hair that was protruding out to . . . his shoulder." He testified that he could not see the gunmen's faces because of their masks, but he thought that all the gunmen were Vietnamese. The defendant is Vietnamese. Nguyen Tran, another patron, testified that the masked assailants fired a total of 15 to 20 gunshots at Long Nguyen during a period of about one to two minutes. Tran, who is five feet, eight inches in height, stated that the shortest gunman was "[a] lot shorter than me."

The defendant testified at trial that he was not present in the pool hall when the murder occurred, but was asleep at home. He stated that he was "a little" upset when he left the pool hall after the altercation with the victim and his brother.

The defendant's aunt, Thi Bi Nguyen, testified that the defendant slept on a sofa in a living room on the first floor of her townhouse. She stated that on the evening of the murder, she ate dinner sometime after 7:00 p.m., and the defendant was lying on the couch watching television. When asked the last time she saw the defendant on the night of the murder, she responded: "I came home about seven o'clock. About seven something, I saw him."

Steven Phan, the defendant's uncle, testified that he arrived home from work on the night of the murder about 11:00 p.m. When asked whether he saw the defendant in his house that evening, Steven Phan stated: "I did not see him. But I saw that there was a blanket on the couch." Steven Phan also testified that he saw the defendant in his house that evening, but not "face to face." Special Agent Anh Pham, an employee of the Federal Bureau of Investigation, testified that he had interviewed Steven Phan who told him that he (Steven Phan) did not see the defendant anywhere in the house when Steven Phan arrived home on the night of the murder.

5

II.

The defendant asserts that the evidence is insufficient to support his convictions.  The defendant contends that the Commonwealth failed to prove that he had a motive to murder Long Nguyen and that no one identified the defendant as an assailant.  None of the witnesses observed any tattoos or markings of any kind on the short assailant even though the defendant had large tattoos on his arms and hands and fingers.  Continuing, the defendant, relying upon our decisions in Hyde v. Commonwealth, 217 Va. 950, 234 S.E.2d 74 (1977), and Burrows v. Commonwealth, 224 Va. 317, 295 S.E.2d 893 (1982), argues that his convictions should be invalidated because the evidence is insufficient to identify him as a perpetrator of the crimes.  Responding, the Commonwealth asserts that the evidence is sufficient to support the convictions.  We agree with the Commonwealth.

We will apply the following principles of appellate review to our resolution of this appeal:

> "Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it [Code § 8.01-680]."

Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 610 (1981) (quoting Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). Additionally, when a defendant challenges the sufficiency of the evidence, "'[i]f there is evidence to sustain the verdict, this Court should not overrule it and substitute its own judgment, even if its opinion might differ from that of the jury.'" George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991) (quoting Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961)), cert. denied, 503 U.S. 973 (1992). The factfinder need not believe an accused's explanation and, if that explanation is not believed, may infer that the accused is lying to conceal his guilt. Black, 222 Va. at 842, 284 S.E.2d at 610; Toler v. Commonwealth, 188 Va. 774, 782, 51 S.E.2d 210, 214 (1949); Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987).

Applying the aforementioned principles, we hold that the evidence, though circumstantial, sufficiently establishes the defendant's guilt beyond a reasonable doubt. The jury could have inferred from the evidence that the defendant, who was angry and humiliated because he had been beaten earlier on the day of the murder, had a motive to kill Long Nguyen. When the masked assailants entered the pool hall, they walked quickly and directly toward Long Nguyen and after they shot him

7

multiple times, they did not take money that was visible on the counter. Indeed, the defendant had threatened Long Nguyen when the defendant stated, after the fight, that "I'll be back."

Based on the numerous witnesses' testimony that both the defendant and one of the masked assailants were unusually short and had the same "chubby" figure, weight, hair length and color, nationality, and skin tone, the jury could have concluded that the defendant was one of the masked assailants. In view of the identification testimony of the numerous witnesses, the defendant's alibi testimony that the jury apparently rejected, the inconsistent testimony of the defendant's aunt and uncle which further impaired the credibility of the defendant's alibi, the evidence when considered as a whole is sufficient to support the convictions.

We find no merit in the defendant's contention that our prior decisions in Hyde and Burrows require that we invalidate the challenged convictions. In Hyde, we considered whether the evidence was sufficient to support convictions for rape and murder. There, an adult female with a mental age of 10 years, who was a patient at a hospital, told hospital personnel that "a tall, white man" who had offered her a cigarette had taken her into the woods and raped her. Hyde,

217 Va. at 951, 234 S.E.2d at 76.  She did not know the identity of the rapist.  The record in that case established that the defendant was a tall, white man.  Id.

Several witnesses had seen the defendant, James Taylor Hyde, and the victim together on the date of the rape and assault, which eventually caused her death.  Upon our review of the record in Hyde, we held that the only direct evidence which tended to identify Hyde as a principal in the first degree was the victim's description of her assailant as a tall, white man who had given her a cigarette.  The record did not contain a description of two other men who were present when the victim was raped and assaulted.  We stated that "to assume that [the defendant] was the only tall, white man who had given [the victim] a cigarette that day would be to assume too much."  217 at 954, 234 S.E.2d at 77.  Even though the defendant in Hyde had made numerous inconsistent statements about his conduct on the day that the victim was raped and assaulted, we concluded that the inconsistencies and contradictions in those statements merely raised a suspicion of guilt which was not sufficient to support a conviction.  Id. at 954-55, 234 S.E.2d at 77-78.

Hyde is clearly distinguishable from the present case.  The defendant here, unlike the defendant in Hyde, threatened the victim by stating "I'll be back."  Also, unlike the

9

defendant in Hyde, the defendant here specifically testified at trial and tried to offer an alibi defense to the jury, which the jury rejected, and the jury was entitled to infer that this defendant was trying to conceal his guilt. Moreover, unlike the defendant in Hyde, numerous witnesses testified that the masked assailant who killed Long Nguyen and the defendant both had an unusually short height, "chubby" figure, dark skin tone, and long shoulder-length black hair.

In Burrows, we considered whether the evidence was sufficient to support a defendant's convictions for robbery and malicious wounding. The victim in Burrows testified that while he was attending a party, someone approached him from the rear and began hitting him. 224 Va. at 318, 295 S.E.2d at 894. The victim was struck four or five times, his nose was broken, and he "couldn't see anything." Id. The assailant took the victim's wallet and fled. When asked to identify the assailant at trial, the victim responded, "[w]ell, it looks like that gentlemen there [referring to [the defendant]], but . . . I can't say absolutely sure, because it happened so fast. Like I said, he came from behind me." Id. The victim testified that sometime after the robbery, he saw the defendant with four or five other people near a river. The victim observed a wallet floating in the river and requested that the defendant retrieve it, and the defendant complied.

The victim and another man "grabbed" the defendant in an attempt to hold him until the police arrived. They later released the defendant, who immediately left the scene. Id.

In Burrows, we held that the evidence was insufficient to prove that the defendant was the criminal agent because the victim was not sure that the defendant was his attacker and the defendant's conduct was not inconsistent with his innocence. Id. at 319, 295 S.E.2d at 894-95. We held that the evidence of record in Burrows at best created a suspicion of guilt which, no matter how strong, was insufficient to sustain a criminal conviction. Id. at 320, 295 S.E.2d at 895. For the reasons that we have already mentioned, the Commonwealth presented evidence from which the jury could have concluded, beyond a reasonable doubt, that the defendant was the perpetrator of the crimes which are the subject of this appeal.

The defendant asserts that Long Hoang Nguyen's testimony that the defendant stated "I'll be back" as he left the pool hall earlier on the day of the murder was not credible because no other witnesses heard that statement. Additionally, the defendant states that the jury should not have concluded that he was the short masked gunman because that gunman wore a short-sleeved shirt, and none of the witnesses testified that they saw any tattoos or markings of any kind on that

11

assailant's arms, even though the defendant has large tattoos on both of his arms and hands. We find no merit in the defendant's arguments. The jury, as the finder of fact, was entitled to assess each witness's credibility and determine the weight to be accorded the testimony.

### III.

We hold that the evidence of record considered as a whole is sufficient to support the jury's finding that the defendant perpetrated the criminal acts. "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)), cert. denied, 445 U.S. 970 (1980); accord Derr, 242 at 425, 40 S.E.2d at 669.

Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.

JUSTICE KEENAN, with whom JUSTICE KOONTZ joins, dissenting.

In its analysis, the majority has failed to consider the unique evidentiary burden placed on the Commonwealth in proving a case based on circumstantial evidence. When a conviction is based on circumstantial evidence, the

12

circumstances proved "must each be consistent with guilt and inconsistent with innocence, and . . . they must concur in pointing to the defendant as the perpetrator beyond a reasonable doubt."  Cantrell v. Commonwealth, 229 Va. 387, 398, 329 S.E.2d 22, 29 (1985); see also Rogers v. Commonwealth, 242 Va. 307, 317-18, 410 S.E.2d 621, 627 (1991); Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984); Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981).  Further, as in any criminal case, the evidence must exclude all reasonable theories of innocence, and a suspicion of guilt, however strong, or even a probability of guilt, will not support a criminal conviction. Sheppard v. Commonwealth, 250 Va. 379, 387, 464 S.E.2d 131, 136 (1995), cert. denied, 517 U.S. 1110 (1996); Rogers, 242 Va. at 317, 410 S.E.2d at 627; Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983); Bishop, 227 Va. at 169-70, 313 S.E.2d at 393.

In the present case, I would hold that the trial court's judgment was plainly wrong because, as a matter of law, the Commonwealth's evidence established only a suspicion or a probability of guilt.  The circumstantial evidence did not concur in pointing, beyond a reasonable doubt, to the defendant as a perpetrator of these crimes.  The evidence merely showed that a person of the same skin color,

13

nationality, body type, and hair length as the defendant committed these crimes. The only other evidence linking the crimes to the defendant was his conduct in the pool hall earlier that day and his uncle's testimony, which was inconsistent with the defendant's alibi.

While these circumstances are consistent with guilt, they are not inconsistent with innocence and do not exclude a reasonable hypothesis that someone other than the defendant was the shortest of the three gunmen who committed these crimes. Under the majority's view of the evidence, a person who had an altercation with a victim's brother and stated that he intended to return may be convicted of murder if his alibi is inconsistent with other testimony and if he and the perpetrator share certain general physical characteristics. Such evidence is insufficient because it fails to present an unbroken chain of the necessary circumstances of motive, time, place, means, and conduct that link the defendant to the crime beyond a reasonable doubt. See Cantrell, 229 Va. at 397, 329 S.E.2d at 28; Bishop, 227 Va. at 169, 313 S.E.2d at 393; Stover v. Commonwealth, 222 Va. 618, 623, 283 S.E.2d 194, 196 (1981). Therefore, I would reverse the defendant's convictions and dismiss the indictments on which they are based.

14