COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Overton


GARY CLEMENTS RIDLEY
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1850-01-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                          JULY 16, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                     Dean W. Sword, Jr., Judge

            (Stephen B. Plott; Cannon, Collins & Plott,
            PLC, on brief), for appellant.  Appellant
            submitting on brief.

            (Jerry W. Kilgore, Attorney General; Kathleen
            B. Martin, Assistant Attorney General, on
            brief), for appellee.  Appellee submitting
            on brief.

     Gary Clements Ridley (appellant) was convicted in a bench

trial of possession of a firearm by a convicted felon, in

violation of Code § 18.2-308.2, and receiving stolen goods, in

violation of Code § 18.2-108.  On appeal, he contends that the

evidence was insufficient to prove he constructively possessed

the firearm or that he knew the vehicle was stolen.  For the

following reasons, we affirm the judgment of the trial court.

_____

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on August 24, 2000, at approximately 6:00 a.m., Officer Alphonzo Mannings (Mannings) responded to a trespassing complaint and saw appellant walking around the apartment complex.  The complainant identified appellant as the trespasser, and Mannings stopped him and requested his identification.  Mannings "ran" his identification and learned that appellant had a suspended driver's license.  Mannings told appellant to leave the area, and appellant agreed to get a taxi and leave.  As Mannings returned to his police car, he looked through the apartment complex and saw appellant walk back toward the area he had just been told to leave.  Mannings could not get to the area in his patrol car so he drove around the block to try to stop appellant before he reached the apartment.  Mannings then saw appellant driving a light-blue Honda.  Appellant saw the officers, parked the car and exited the car with the keys in his hand.  There was no one else in or near the car.  Mannings arrested appellant after he determined the Honda was stolen.  Incident to the

-

arrest, the officers searched the vehicle and found a shotgun under the passenger's seat. The seat was "leaning back" and partially covered the shotgun so that the officers did not see it when they first looked inside the car. The weapon was loaded and operable. Appellant told police he paid $20 for the vehicle, and he denied any knowledge of the shotgun.

At trial, appellant testified that he met someone he knew as "Antonio" after he walked away from the police and negotiated the use of the car for a few hours for $20. He said he never saw the shotgun because the passenger's seat was leaning back. Mannings testified that, at most, five to eight minutes passed between the time he told appellant to leave the area and the time he found appellant driving the Honda. He saw appellant speak to no one. Appellant had been convicted of at least three prior felonies.

The trial court found appellant's testimony "just unbelievable."

> [T]he reason that I don't believe it is
> this. [Appellant] testified that he got
> possession of the car from some individual
> that he only knows as Antonio and that the
> negotiations, his words, to use the car took
> place after he was confronted by Officer
> Mannings. Well, there's problems with that.
>
> First of all, Officer Mannings didn't see
> him negotiating with anybody while he's
> trying to leave the area. And there is a
> very, very small window of opportunity so
> far as time was concerned within which you

-

could have conducted such a
negotiation. . . .

*    *    *    *    *    *    *

I think that the evidence is sufficient,
drawing the inferences [from the recent
possession of stolen property] that the
Court may draw in considering all of the
evidence in this case, to find the
[appellant] guilty of grand larceny and
possession of stolen goods.

Now, as far as the shotgun is concerned, the
[appellant] has possession of the car.  I
don't think it is unreasonable to draw a
conclusion again that the [appellant] was in
the sole custody and possession of the
shotgun by virtue of the fact that he was in
sole possession of the car, and the shotgun
was in the car and it wasn't hidden.  If it
was in the trunk or something of that
nature, it's a different case.

Appellant appeals that decision.

## II.  STANDARD OF REVIEW

In reviewing the sufficiency of the evidence, "the judgment
of the trial court sitting without a jury is entitled to the
same weight as a jury verdict."  Saunders v. Commonwealth, 242
Va. 107, 113, 406 S.E.2d 39, 42, cert. denied, 502 U.S. 944
(1991).

"[T]he trial court's judgment will not be set aside unless
plainly wrong or without evidence to support it."  Hunley v.
Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).
"The credibility of a witness and the inferences to be drawn

-

from proven facts are matters solely for the fact finder's determination." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998)(internal citation omitted).

### III.  RECEIVING STOLEN GOODS

Appellant contends the trial court erred in finding the evidence sufficient to prove that he knew the car was stolen, pursuant to Code § 18.2-108.[1]  He argues that the evidence at trial failed to show he knew the person he called "Antonio" stole the car.  We disagree.

> To convict a defendant under Code § 18.2-108, the Commonwealth must prove that property was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent.  Guilty knowledge is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen.  The fact that a defendant paid a patently low price for property is a circumstance from which a trier of fact may infer guilty knowledge.

Shaver v. Commonwealth, 30 Va. App. 789, 800-01, 520 S.E.2d 393, 399 (1999)(internal citations omitted).

Appellant initially stated that he paid $20 for the car and later said that he met "Antonio" after he was confronted by the police officers and paid him $20 for the use of the car for a

---

[1] Code § 18.2-108 provides in pertinent part:  "If any person . . . receive from another person . . . any stolen goods . . . knowing the same to have been stolen, he shall be deemed guilty of larceny thereof . . . ."

-

few hours.  The car had a value of $1,950.  He said he met "Antonio" about one and a half weeks earlier and that he knew "Antonio" was going to use the $20 fee to purchase drugs.

The trier of fact was not required to believe appellant's version of how he acquired the car and was entitled to infer appellant knew the car was stolen.  "[T]he element of guilty knowledge may be supplied by circumstantial evidence, including the circumstance that the accused was in possession of recently stolen property."  Roberts v. Commonwealth, 230 Va. 264, 271-72, 337 S.E.2d 255, 260 (1985).  Proof of this possession constituted prima facie evidence that appellant knew the car was stolen and cast upon him the burden of going forward with evidence in explanation.

Here, the trial court specifically found appellant's version of how he acquired the car "unbelievable."  The car had been stolen three days earlier.  In the parking lot of an apartment building at 6:00 a.m., appellant paid $20 for a car valued at almost $2,000 from a man he had known less than two weeks.  See also Shaver v. Commonwealth, 30 Va. App. 789, 520 S.E.2d 393 (1999).  Credible evidence supports the trial court's ruling.

IV.  POSSESSION OF FIREARM AFTER FELONY CONVICTION

Appellant next contends the trial court erred in finding the evidence sufficient to prove he knew the shotgun was in the

-

car, in violation of Code § 18.2-308.2.[2]  He argues that the
evidence at trial failed to show any indicia of possession
beside its presence in the car.  We disagree.

"[T]he [trial court] was not required to believe the
[appellant's] explanation, and if that explanation is not
believed, the [trial court] may infer the accused is lying to
conceal his guilt."  Dowden v. Commonwealth, 260 Va. 459,
469-70, 536 S.E.2d 437, 442 (2000).  See also Phan v.
Commonwealth, 258 Va. 506, 511, 521 S.E.2d 282, 284 (1999);
Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610
(1981); Toler v. Commonwealth, 188 Va. 774, 782, 51 S.E.2d 210,
214 (1949); and Speight v. Commonwealth, 4 Va. App. 83, 88, 354
S.E.2d 95, 98 (1987)(en banc).

"Inferences may be drawn from proven facts so long as they
are reasonable and justified."  Durham v. Commonwealth, 214 Va.
166, 169, 198 S.E.2d 603, 606 (1973) (citing Webb v.
Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963)).

> To support [a] conviction . . . [based
> upon constructive possession] the
> Commonwealth must point to evidence of acts,
> statements, or conduct of the accused or
> other facts or circumstances which tend to
> show that the [appellant] was aware of both
> the presence and character of the [shotgun]
> and that it was subject to his dominion and

---

[2] Code § 18.2-308.2 provides in pertinent part:  "It shall
be unlawful for (i) any person who has been convicted of a
felony . . . to knowingly and intentionally possess . . . any
(a) firearm . . . ."

-

control.  Proof that the [shotgun] was found in . . . a vehicle . . . occupied by the [appellant] is insufficient, standing alone, to prove constructive possession.  Such evidence is probative, but it is only a circumstance which may be considered . . . along with the other evidence.

Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

In the instant case, the trial court did not believe that appellant acquired the car from "Antonio."  Here, when questioned about the location of the shotgun in the car, Mannings said, "When we first spotted the shotgun, the passenger's seat was leaning back in order to cover it up a little bit."  The trial judge, after viewing the evidence photographs of the placement of the shotgun in the car, found:

> [A]s a part of the search of the stolen vehicle, the shotgun is discovered, which I think it's fair to say partially concealed by the passenger's seat, by both part of it being under the seat and the passenger's seat being tilted backwards to partially obscure the vision - and I'm not sure how it would obscure the driver's vision, but someone looking in the vehicle obviously would have trouble seeing it.

> *    *    *    *    *    *    *

> [I]t's an entirely different view that you have when you're sitting in the driver's seat of a car and being able to see what's right here, as opposed to standing outside the car and looking in the car.

-

Appellant was the sole occupant of the car. The shotgun was located under the passenger's seat, in close proximity to appellant and shotgun shells were found, in plain view, on the backseat of the car. Credible evidence supports the trial court's finding that appellant knew the shotgun was under the passenger's seat.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>