Justice KOONTZ, dissenting.
I respectfully dissent. No principle in the criminal law is more fundamental and essential to the just resolution of a criminal charge against an accused than the principle that the Commonwealth is required to prove the guilt of the accused beyond a reasonable doubt. Indeed, that burden of proof has constitutional status, for a conviction on legally insufficient evidence constitutes a denial of due process. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Commonwealth v. Hudson, 265 Va. 505, 512, 578 S.E.2d 781, 785, cert. denied, ___ U.S. ___, 124 S.Ct. 444, 157 L.Ed.2d 322 (2003). In characterizing that exacting burden of proof, we have repeatedly stated that the evidence must exclude every reasonable hypothesis of innocence, and observed that evidence that creates a suspicion or probability of guilt is insufficient to support a conviction. Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994); Burrows v. Commonwealth, 224 Va. 317, 320, 295 S.E.2d 893, 895 (1982); Hyde v. Commonwealth, 217 Va. 950, 954-55, 234 S.E.2d 74, 77-78 (1977); see also Hudson, 265 Va. at 513, 578 S.E.2d at 785. In my view, the evidence in the present case fails, as a matter of law, to establish beyond a reasonable doubt that *122 Mark Anthony Powell used a "pistol ... or other firearm" in violation of Code § 18.2-53.1 while committing the robbery and abductions of the employees of the clothing store.
The evidence was presented to the trial judge solely by the Commonwealth and, as correctly noted by the majority, is "virtually undisputed." On appeal, under familiar principles of appellate review, that evidence and all reasonable inferences therefrom are to be considered in the light most favorable to the Commonwealth. Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999). Beyond question, the evidence established that Powell asserted during the robbery and abductions that he had a gun in his pocket and his actions were consistent with that assertion. The store employees believed that Powell had a gun and were placed in fear for their personal safety as a result. In combination, those circumstances permitted Powell to accomplish his intent in committing those crimes. The Commonwealth was not required to prove that Powell actually had a gun to establish his culpability for the robbery and abductions of the store employees.
However, with regard to the Commonwealth's burden of proof to establish beyond a reasonable doubt that Powell was also guilty of violating Code § 18.2-53.1, the Commonwealth was required to prove that Powell "actually had a firearm in his possession" when he committed the robbery and abductions of the store employees. Yarborough, 247 Va. at 218, 441 S.E.2d at 344. To determine whether, as a matter of law, the Commonwealth met that burden of proof, Powell's assertion to the store employees that he had a gun cannot be considered in isolation or without consideration of the other undisputed evidence in the case. Lee v. Commonwealth, 253 Va. 222, 227, 482 S.E.2d 802, 805 (1997) (Koontz, J., dissenting); see also Hankerson v. Moody, 229 Va. 270, 274-75, 329 S.E.2d 791, 794 (1985); Forbes v. Commonwealth, 27 Va.App. 304, 312, 498 S.E.2d 457, 460 (1998); Wynne v. Commonwealth, 17 Va.App. 277, 283, 437 S.E.2d 195, 199 (1993) (Koontz, J., dissenting), majority opinion withdrawn and different result reached on rehearing, 18 Va.App. 459, 460, 445 S.E.2d 160, 161 (1994) (en banc).
The other undisputed evidence established that the store employees never saw a gun in Powell's possession or any object in Powell's pocket that indicated the presence of a concealed gun. Following the robbery, one of the employees observed Powell entering and then fleeing in a waiting taxi which was occupied by another passenger in addition to the driver.[3] Shortly thereafter, police stopped the taxi and arrested Powell. The police recovered the money taken in the robbery from the back seat of the taxi. When questioned later by a police detective, Powell admitted telling the store employees that he had a gun, but insisted that, in fact, he had not had one. At trial, the taxi driver testified that he never saw a gun and that Powell had not thrown any object from the taxi. A police officer testified that no "firearms or other weapons [were] recovered from the cab."
The totality of this evidence, considered in the light most favorable to the Commonwealth, undoubtedly creates a suspicion or even a probability that Powell actually possessed a gun when he committed the separate crimes of robbery and abduction of the store employees. The same evidence, however, falls far short of establishing beyond a reasonable doubt that Powell actually possessed a gun during the commission of those crimes as required to establish that he was also guilty of violating Code § 18.2-53.1. No gun was ever displayed, seen, or recovered and, under the particular circumstances of this case, the Commonwealth's evidence established that Powell had little if any opportunity to discard a gun before his arrest without being observed by the store employees, the taxi driver, or the police following behind the taxi. When the totality of the undisputed evidence is considered, it requires, at best, speculation and conjecture to support the Commonwealth's supposition that Powell's assertion to the store employees that he had a gun was more than a pretext to accomplish the robbery and abductions. A "verdict ... based only upon speculation *123 and conjecture ... cannot be permitted to stand." Dunn v. Commonwealth, 222 Va. 704, 705-06, 284 S.E.2d 792, 793 (1981); see also Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977); Powers v. Commonwealth, 211 Va. 386, 389, 177 S.E.2d 628, 630 (1970).
An additional issue prompts my dissent in this case. The majority correctly notes that it was within the province of the trial judge to resolve factual conflicts in the evidence. Relying upon that principle, however, the majority then permits the reasonable doubt standard to be satisfied in this case on the basis that the trial judge factually concluded that when Powell asserted that he had a gun, he actually did have a gun, regardless of the other undisputed evidence suggesting the contrary. Under the particular circumstances of this case, this effectively eliminates the requirement for the Commonwealth to prove its case beyond a reasonable doubt. Whether a conviction is supported by sufficient evidence to prove the guilt of the accused beyond a reasonable doubt is not a question of fact, but one of law. To the extent that this distinction between issues of fact and law in the present case are not addressed in detail, I write separately to emphasize that distinction to avoid the mischief that may occur in future cases in which the reasonable doubt standard is at issue.
For these reasons, I would reverse the judgment of the Court of Appeals and enter final judgment reversing Powell's convictions for violating Code § 18.2-53.1.

There is no suggestion in the record that the passenger in the taxi was involved in the crimes, and the passenger was not called as a witness at Powell's trial.