COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


JERMAINE LEVON LYONS

MEMORANDUM OPINION* BY
v.       Record No. 2521-08-1                    JUDGE JAMES W. HALEY, JR.
                                        FEBRUARY 9, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Kimberly Enderson Hensley, Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

Alice T. Armstrong, Assistant Attorney General II (William C.
Mims, Attorney General, on brief), for appellee.


I.  INTRODUCTION

Code § 18.2-472.1(B) defines a criminal offense for "[a]ny person convicted of a

sexually violent offense . . . who *knowingly* fails to register or reregister [with the sexual

offender registry]."  (Emphasis added).  Jermaine Levon Lyons argues the evidence is

insufficient to show he possessed the emphasized mental state when he admittedly failed to

timely re-register.  We affirm.

II.  BACKGROUND

On September 24, 2002, Lyons was convicted of a sexual offense requiring him to

register with the sexual offender registry.  He was required to re-register every ninety days from

his initial registration.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On March 21, 2007, the state police mailed Lyons a form to complete to fulfill his duty to re-register. The letter was sent by certified mail, return receipt required. The form advised Lyons the police had to receive it by April 14, 2007, for it to be timely filed. However, neither Lyons, nor anyone else, signed for the certified mail package containing the form. The envelope itself is marked by the postal service showing apparently three attempted deliveries. The postal service returned the mail to the state police as unclaimed. Lyons did not return the form by the due date. It is undisputed Lyons did not submit any re-registration form for the period one was due in April 2007.

As a result of this omission, a grand jury indicted Lyons for knowingly failing to re-register. Lyons was tried by a circuit court on August 26, 2008.

Trooper Michael Baker testified regarding Lyons' failure to re-register in April 2007. Part of that testimony led to the introduction, without objection, of an affidavit from Trooper Baker containing documents related to Lyons' history with the registry. Those documents reveal Lyons had on several prior occasions received by certified mail re-registration forms, yet failed to timely return them.[1] For instance, on April 17, 2006, the police mailed Lyons a re-registration form that he signed for on April 22, 2006. Lyons did not return the form by its due date on April 29, 2006. On August 8, 2006, the police mailed Lyons another re-registration form that was signed for by a person named Annette Jones on August 9, 2006.[2] Lyons did not return the form by its due date of August 22, 2006. Finally, on September 28, 2006, the police mailed Lyons a re-registration form that was again signed for by Jones on September 30, 2006. Lyons did not timely submit the form.

---

[1] Lyons' address remained the same at all relevant times.

[2] While the record does not indicate the relationship of Jones to Lyons, she apparently had access to him as she was able to obtain the certified mail. Additionally, Jones signed for a form on December 28, 2006, that Lyons signed the following day.

Lyons testified he never received the form sent by the state police for the April 2007 re-registration. He stated that since he had expected it, he called Trooper Baker and left a voicemail. Lyons indicated Trooper Baker returned the call, but Lyons was unavailable. Earlier, Trooper Baker had testified in response to defense questioning that he did not recall receiving a phone call from Lyons about the April re-registration, though he did remember speaking with Lyons about the registry in general (and possibly including the April incident). Lyons admitted he knew he had to re-register every ninety days and knew this included an April 2007 re-registration.[3]

At the conclusion of the evidence, the court found Lyons guilty, holding: "I do find that the Commonwealth has met its burden in proving this charge and I find him guilty of the charge."

### III. ANALYSIS

On appeal, we view "the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence." Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008). We will affirm the trial court unless its judgment "is plainly wrong or without evidentiary support." Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009).

---

[3] Lyons testified:

> Normally the letter comes every ninety days. It comes . . . in the second or third week of that month. And if I don't receive it by then, I call the trooper's office and ask them if they can check to see when my letter is due or when it needs to be sent out because I haven't received it yet. On the April occasion I called Trooper Baker and I didn't get . . . no answer from him. So . . . I left a voicemail . . . on his cell phone.

In this case, Lyons acknowledges he knew of his duty to re-register for the April 2007 period and failed to perform that duty.[4] Lyons argues he did not knowingly violate the statute since (according to his testimony) he did not receive his re-registration form in the mail and sought to contact Trooper Baker when it did not arrive. Thus, on brief, Lyons maintains he "did not fail to register *intentionally*." (Emphasis added).

However, the trial court could conclude, on these facts, that Lyons' failure to re-register was intentional.[5] On several prior occasions, when the state police sent and Lyons received by certified mail re-registration material, Lyons failed to return it by the due date. These failures include the mailings sent in April 2006, August 2006, and September 2006. While Lyons testified he never received the form sent in March 2007 for the April 2007 re-registration date and attempted to contact the police about it, the fact finder could reject this testimony as unworthy of belief in light of the other evidence.[6] See Phan v. Commonwealth, 258 Va. 506, 511, 521 S.E.2d 282, 284 (1999).

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

---

[4] There is no issue in this appeal that a re-registration period did, in fact, come due in April 2007. On brief, Lyons concedes he "did miss one [re-]registration date."

[5] We express no opinion on whether an act must be done intentionally in order to be done knowingly.

[6] There is no doubt Lyons did not receive the actual form for the April re-registration since the post office returned the certified mail as unclaimed. However, the trial court could find Lyons simply failed to claim it since he had received the form at his address on other occasions and in light of his history with the registry.