COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, AtLee and Chaney
Argued at Norfolk, Virginia

RONTRELL J. BANKS

MEMORANDUM OPINION[*] BY
v.        Record No. 0619-21-1              JUDGE RANDOLPH A. BEALES
                                           MAY 10, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Joseph A. Migliozzi, Jr., Judge

Daymen Robinson for appellant.

Timothy J. Huffstutter, Assistant Attorney General (Mark R.
Herring,[1] Attorney General, on brief), for appellee.


Following a bench trial, appellant Rontrell J. Banks was convicted of eight counts of forgery

of a public record, in violation of Code § 18.2-168, and two counts of identity theft in order to avoid

arrest, in violation of Code § 18.2-186.3.  On appeal, Banks contends that the evidence presented at

trial was insufficient to identify him as the perpetrator of the crimes for which he was convicted.

## I.  BACKGROUND

On August 9, 2019, at approximately 8:00 p.m., Officer David W. Dubus of the Norfolk

Police Department initiated a traffic stop after observing a vehicle traveling the wrong way down a

one-way street.  Officer Dubus spoke with the driver, who said his name was Dominique Long and

provided the officer with a date of birth.  Officer Dubus was unable to find information on anyone

named Dominique Long with the date of birth the driver provided.  Eventually, however, Officer

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

Dubus found information for a "Dominique Long with a slightly different date of birth." He compared the driver to a picture of Long and concluded that the driver was Long. Officer Dubus then issued the driver four summonses, which he witnessed the driver sign using Long's name. The encounter lasted approximately twenty-five minutes.

Similarly, on August 29, 2019, Officer Andre Watkins of the Norfolk Police Department initiated a traffic stop, during daylight, after observing a vehicle traveling at a high rate of speed. Officer Watkins spoke with the driver, who also said his name was Dominique Long and provided the officer with Long's social security number. Officer Watkins attempted to verify this information and found a written description of Long. He determined that the driver matched that description. Officer Watkins then issued the driver four summonses, which he witnessed the driver sign using Long's name.

Dominique Long subsequently came to the police station and informed Detective Johnson L. Freeman, Jr. that he had received summonses in his name from the two August traffic stops, but that he did not drive a car and was not the driver involved in the stops. Detective Freeman found that, in 2015, appellant Rontrell Banks had been charged with falsely using Long's identity. Detective Freeman compared the driver in the body camera footage from the August traffic stops to a known photograph of Banks and concluded that Banks was the driver at both traffic stops. Banks was subsequently arrested and charged with eight counts of forgery of a public record and two counts of identity theft.

At Banks's trial, Officer Dubus and Officer Watkins identified Banks in court as the driver they each had pulled over during their respective traffic stops. In addition, multiple photographs taken from the body camera videos of Officer Dubus and Officer Watkins were admitted into evidence without objection at Banks's trial. Upon reviewing the images from his body camera, Officer Dubus confirmed that Banks and the driver were "100 percent the same person." Likewise,

Officer Watkins, upon reviewing images from his body camera, confirmed that Banks and the driver who falsely identified himself as Dominique Long were the same person. In addition, Detective Freeman testified that Banks has the same facial features and the same tattoos as the driver in the body camera footage at both traffic stops. He also then testified that Banks—then sitting in front of him in court—was the driver involved in both traffic stops.

At the conclusion of the Commonwealth's evidence, Banks moved to strike the Commonwealth's evidence. He argued that the evidence was insufficient to prove the identity of the driver who had falsely signed the summonses as Dominique Long. He argued that the police officers' testimony was unreliable because, during the traffic stops, they believed that the driver, who identified himself as Long, was who he claimed to be. The trial court denied the motion, finding "that the testimony of the two police officers and the detective, in this Court's opinion, were very credible, [that] the two police officers saw who they believed to be the [defendant] sign these documents," and that "Long came in and complained that he was never driving that car." Based on the evidence at trial, the trial court found Banks guilty on all counts. Banks appealed to this Court.

## II. ANALYSIS

In Banks's sole assignment of error on appeal, he argues that the trial court "erred in finding that evidence was sufficient to identify [a]ppellant as the person who committed offenses for which [a]ppellant was convicted." Specifically, Banks takes issue with the reliability of eyewitness identifications generally and with the reliability of the officers' testimony in this case specifically.

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Crowder v. Commonwealth*, 41 Va. App. 658, 663 (2003) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," *Riner v.*

*Commonwealth*, 268 Va. 296, 330 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" *Crowder*, 41 Va. App. at 663 (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (*en banc*)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

In this case, the officers present at the scene both testified that Banks was the driver who had falsely used Dominique Long's name during the August traffic stops. Banks does not argue that either officer's testimony was inadmissible. Instead, he contends that their testimony was unreliable, and, therefore, he argues that the evidence was insufficient to prove that he was the driver involved in the traffic stops. However, as the Supreme Court has been clear, "when a defendant challenges the sufficiency of the evidence, '[i]f there is evidence to sustain the verdict, this Court should not overrule it and substitute its own judgment, even if its opinion might differ'" from that of the factfinder. *Phan v. Commonwealth*, 258 Va. 506, 511 (1999) (alteration in original) (quoting *George v. Commonwealth*, 242 Va. 264, 278 (1991)); *see also Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)) (holding that the reviewing court is not permitted to substitute its own judgment for that of the factfinder if there is evidentiary support for the conviction). In-court testimony identifying the defendant as the perpetrator—if believed by the factfinder—is sufficient evidence to prove the identity of the perpetrator. *See, e.g.*, *Floyd v. Commonwealth*, 31 Va. App. 193, 199 (1999) ("The in-court identification of Floyd as one of the two perpetrators is sufficient direct evidence to establish his identity."). Furthermore, "the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the

witnesses." *Schneider v. Commonwealth*, 230 Va. 379, 382 (1985) (citing *Coppola v. Commonwealth*, 220 Va. 243, 252 (1979), *cert. denied*, 444 U.S. 1103 (1980)).

In finding Banks guilty of identity theft and forgery of public records in this case, the trial court relied on the testimony of Officer Dubus and the testimony of Officer Watkins identifying Banks as the driver whom they each had stopped. Officer Dubus—who spent approximately twenty-five minutes with the driver at the scene of the traffic stop—confidently testified at trial that Banks and the driver were "100 percent the same person." Officer Watkins similarly testified with certainty that Banks was the driver that he had pulled over. The trial judge specifically found that both Officer Dubus and Officer Watkins "were very credible" in their testimony identifying Banks in court.

Furthermore, the officers' in-court identification was not the only evidence presented to prove Banks's identity. The Commonwealth entered photographs of the driver taken from the officers' body camera video footage into evidence without objection. After reviewing the images of the driver taken from their respective body camera footage, both officers testified that Banks and the driver in the images were the same person. Furthermore, because these images were entered into evidence, the trial judge as factfinder had the opportunity independently to compare the driver in the photographs from the traffic stops with Banks, who was then sitting in front of the trial judge in court. With these images in hand, the trial court concluded that the perpetrator captured in the images was Banks.

Detective Freeman's testimony also corroborated the testimony of Officer Dubus and Officer Watkins. Detective Freeman testified that, based upon his own independent review of the body camera footage of both traffic stops, Banks was the perpetrator. According to Detective Freeman's testimony at trial, Banks and the man in the body camera footage had the same facial features and the same tattoos. Given the totality of the evidence, we certainly cannot say that no

rational factfinder could have found sufficient evidence to identify Banks as the driver who falsely identified himself as Dominique Long to Officer Dubus and Officer Watkins and who signed eight summonses in Long's name.

### III. CONCLUSION

In short, there is certainly sufficient evidence in the record to support the trial court's conclusion that Banks was the driver of the car who identified himself as Long and signed eight summonses in Long's name on August 9, 2019, and on August 29, 2019. The police officers who issued the summonses identified Banks as the perpetrator at trial, and the trial judge found the officers' testimony credible. Furthermore, their identification of Banks at trial was also corroborated by Detective Freeman's testimony and by the still photographs taken from the officers' body camera video footage of the traffic stops, which were entered into evidence without objection. In addition, following the trial judge's independent review of these photographs, he concluded that Banks was the driver at both traffic stops. Given the totality of the evidence, we hold that the trial court did not err in finding that there was sufficient evidence to identify Banks as the driver who had falsely used Dominique Long's name on August 9, 2019 and August 29, 2019.

Consequently, for all of these reasons, we uphold each of the trial court's convictions of Banks.

*Affirmed.*